# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

LYDIA BERRY                                                                PETITIONER

v.                                                              No. 1:23CV26-SA-JMV

STATE OF MISSISSIPPI                                                      RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lydia Berry for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2); the petitioner has responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

## Facts and Procedural Posture[1]

Lydia Berry is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Delta Correctional Facility in Greenwood, Mississippi. In her petition, Berry challenges her 2005 capital murder conviction and sentence in the Chickasaw County Circuit Court.

### Conviction and Sentence

Berry was convicted for capital murder in September 2005 in the Chickasaw County Circuit Court—murder in the commission of the felonious abuse of a two-year-old child. *See* State Court Record (SCR), Vol. 1 at 54, 103–04.[2] The trial court sentenced Berry to a term of

---

[1] The court has drawn the facts and procedural posture in this memorandum opinion from the State's Motion [11] to dismiss, as they are well-documented and uncontested.

[2] References to Berry's state court record on appeal in Cause No. 2006-KA-00029 are designated as "SCR" followed by the volume and page number or other appropriate designation. References to Berry's state post-conviction filings are designated as "SCR" with the cause number and other appropriate designation.

life imprisonment in the custody of the MDOC.  *See* Exhibit A; *see also* SCR, Vol. 1 at 89–90; Vol. 6 at 633–34.

**Direct Appeal**

During Berry's appeal of her conviction and sentence to the Mississippi Supreme Court, appellate counsel raised six issues:  (1) "appellant was denied effective assistance of counsel in violation of the [S]ixth Amendment of the United States and the constitution of the State of Mississippi;" (2) "[t]he trial court erred in allowing purported expert testimony as to how the injuries occurred to the child as the testimony was outside the expertise of the witness;" (3) "[t]he trial court erred in refusing to grant the Appellant's motion for directed verdict of acquittal at the close of the [S]tate's case, in refusing to grant Appellant's requested peremptory instruction and denying Appellant's Motion for Judgment Notwithstanding the Verdict;" (4) the "[t]rial court erred in denying the Appellant's motion for a new trial as the verdict was against the overwhelming weight of the evidence;" (5) "[t]he trial court erred in failing to give instruction on manslaughter by culpable negligence;" and (6) "[a]ppellant suffered cumulative error which caused her to be deprived of her constitutional right to a fair trial in violation of the 5th and 14th Amendment[s] to the United States Constitution."  SCR, Brief of Appellant.

On June 5, 2007, the Mississippi Court of Appeals affirmed Berry's conviction and sentence.  *See Berry v. State*, 980 So. 2d 936 (Miss. Ct. App. 2007), *reh'g denied*, Jan. 8, 2008 (Cause No. 2006-KA-00029); *see also* Exhibit B.  The Mississippi Supreme Court denied Berry's petition for certiorari review on April 24, 2008, and the mandate issued on May 15, 2008.  *See Berry v. State*, 979 So. 3d 691 (Miss. 2008); *see also* Exhibits C, D; SCR, Case Folder.  A search of the Supreme Court's electronic docket, as posted on the Court's official website, as well as a review of the state appellate record, confirms that Berry did not seek certiorari review in the United States Supreme Court.

**State Post-Conviction Proceedings**

On September 9, 2009, Berry, through counsel, filed her first "Application for Leave to File Motion for Post-Conviction Relief" in the Mississippi Supreme Court. SCR, Cause No. 2009-M-1134. On November 5, 2009, the Mississippi Supreme Court ordered that the clerk of that court return Berry's application because it did not contain the statutorily required elements. *See* Exhibit E (holding that the application failed to "meet all of the requirements of Section 99-39-27(2) of the Mississippi Code (Rev. 2008)"); *see also* SCR, Cause No. 2009-M-1134.

Some eighteen months later, on April 26, 2011, Berry's counsel filed a second "Application for Leave to File Motion for Post Conviction Collateral Relief" in the Mississippi Supreme Court. SCR, Cause No. 2009-M-1134. The Mississippi Supreme Court denied Berry's application as meritless in an Order filed on February 9, 2012, holding that:

> Berry's claims that she received constitutionally ineffective assistance of counsel fail to meet both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The panel finds that Berry's claims that her due process rights were violated are without merit. The panel finds that Berry has failed to make a substantial showing of the denial of a state or federal right. Miss. Code Ann. § 99-39-27(5).

*See* Exhibit F; *see also* SCR, Cause No. 2009-M-1134. The Mississippi Supreme Court denied Berry's request for additional time to seek rehearing because "[m]otions for reconsideration, vacation[,] or modification of rulings of the Supreme Court on motions are generally not allowed." *See* Exhibit G (citing Miss. R. App. P. 27(h)); *see also* SCR, Cause No. 2009-M-1134.

**Federal *Habeas Corpus* Proceedings**

Berry initiated the instant *pro se* federal petition for a writ of *habeas corpus* on February 21, 2023; she raises two grounds for relief: (1) "[i]n the instant case, defense counsel failed to advise Berry of her adequate defense or investigate the facts prior to advising Berry as to the irrationality of the story"; and (2) "the forensic pathologist Dr. Hayne was not certified [] or licensed." Doc. 1 at 6–7. Berry did not address the questions regarding exhaustion of state court

remedies in the space provided in the court's form petition; nor did she address the timeliness

issue in paragraph 18 of the petition.  Doc. 1 at 14.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The Mississippi Court of Appeals affirmed Berry's conviction and sentence on June 5,

2007, and denied her motion for rehearing on January 8, 2008.  *See* Exhibit B.  The Mississippi

Supreme Court then denied Berry's petition for certiorari review on April 24, 2008.  *See* Exhibit

C.  Berry did not seek certiorari review in the United States Supreme Court.

Her conviction thus became final under the AEDPA ninety days after the Mississippi

Supreme Court denied certiorari review, on July 23, 2008 (April 24, 2008, plus 90 days).  *See*

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner fails to seek

certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"); *Roberts,* 319 F.3d at 694; *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018) (quoting *Roberts*, 319 F.3d at 694). Her initial *habeas corpus* filing deadline thus became July 23, 2009 (July 23, 2008 + 1 year).

**Statutory Tolling Does Not Apply**

Berry is not entitled to statutory tolling of her one-year federal *habeas corpus* limitations period because she did not submit a "properly filed" application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2), before July 23, 2009. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (holding that petitioner was not entitled to statutory tolling because "he never 'properly filed' a state habeas application during the limitations period"); *see also Grillette v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998).

Berry's first application for leave to seek post-conviction relief was returned to her for failure to comply with statutory requirements.[3] *See* Exhibit E. Berry's first application was thus not a "properly filed" motion for post-conviction relief under state law and thus could not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); *see also Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing

---

[3] She filed her first application on September 9, 2009, more than two months after the July 23, 2009, deadline.

filings.") Berry filed her second application for state post-conviction collateral relief on April 26, 2011.[4]

Critically, *both* of Berry's state post-conviction motions were filed *after* the federal *habeas corpus* limitations period expired. Hence, Berry is not entitled to statutory tolling of the federal limitations period during the pendency of either of her state post-conviction actions. *See* 28 U.S.C. § 2244(d)(2) (allowing statutory tolling for a properly filed motion for post-conviction or other collateral review); *see also Jones,* 22 F.4th at 490; *Torres v. Lumpkin*, No. 20-40819, 2021 WL 6101505, at *1 (5th Cir. Oct. 6, 2021) (declining to toll the federal *habeas corpus* limitations period for petitioner's state post-conviction application, filed *after* the federal limitations period expired); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (same); *accord Fairley v. Kent*, No. 18–31193, 2019 WL 12374114, at *1 (5th Cir. July 3, 2019), *cert. denied*, 140 S. Ct. 882 (2020). Thus, Berry's federal petition for a writ of *habeas corpus* remained due in this court on or before July 23, 2009.

### Equitable Tolling Does Not Apply

Neither does Berry benefit from equitable tolling to render her federal petition timely. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

---

[4] She filed her second application for state post-conviction relief nearly two years after the federal *habeas corpus* deadline.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner seeking to invoke equitable tolling must exercise "reasonable diligence, not maximum feasible diligence." *Holland v. Fla.*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal quotations and citations omitted). However, a petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

In this case, Berry has not shown that something outside her control prevented her from seeking *habeas corpus* relief in a timely manner. She did not respond to paragraph 18 of the court's standard *habeas corpus* petition form regarding why her petition should be considered timely. Doc. 1 at 14. "[N]either a petitioner's unfamiliarity with the legal process nor [her] lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)

(neither ignorance of law nor limited access to outside information do not constitute a "rare and exceptional" circumstances to excuse untimely filing). Berry provides no argument to show that she was actively misled or prevented in some extraordinary way from asserting her rights and timely seeking federal *habeas corpus* relief. As such, equitable tolling does not apply to render her petition timely.[5]

**Timeliness Calculation**

As Berry does not benefit from statutory or equitable tolling, she had one year from July 23, 2008—until July 23, 2009—to timely file her federal petition for a writ of *habeas corpus* in this court. Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Berry did not, however, use the prison mail system; instead, she sent her petition to the court via Federal Express. Doc. 1 at 16. As such, she does not benefit from the mailbox rule. She did not sign her petition, but the petition was stamped as "filed" in this Court on February 21, 2023. Doc. 1. In any event, Berry filed her federal petition for a writ of *habeas corpus* over thirteen years after the July 23, 2009, filing deadline. As such, her federal petition is untimely filed and will be

---

[5] In addition, Berry has not shown that she pursued the filing of her petition under § 2254 with diligence, as she waited some eleven years after the denial of her second application for post-conviction collateral relief to file the instant petition. *See Holland*, 560 U.S. at 649 (holding that petitioner must show that "[she] has been pursuing [her] rights diligently") (citations omitted).

dismissed with prejudice under the one-year statute of limitations of the AEDPA. *See* 28 U.S.C. § 2244(d).[6]

## Conclusion

For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of February, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE

---

[6] Because Berry's federal *habeas corpus* petition is clearly barred by the one-year federal statute of limitations, the court will not discuss exhaustion of state remedies or procedural default.